13-3633(L)-cr
*United States v. Kramrish et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fifteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> JOHN M. WALKER, JR.,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

LUBA KRAMRISH, SEMEN DOMNITSER, also known as Semyon Domnitser, OKSANA ROMALIS,

> *Defendants-Appellants*,

POLINA BERENSON, POLINA BREYTER, DORA GRANDE, DORA KUCHER, MOYSEY KUCHER, VALENTINA ROMASHOVA, POLINA STAROSELETSKY, GALINA TRUTINA DEMCHUK, also known as Galina Demchuk, MARINA SAYTSEVA, GENRIKH KOLONTYRSKIY, HENRY GORDIN, ELLA VOSKRESENSKIY, also known as Ella Voskresensky, ZLATA BLAVATNIK, SARRA GARBER, PYOTR

No. 13-3633(L)-cr
13-4482 (con)
14-252(con)

BLAVATNIK, also known as David Kagan, also known as Peter Kogan, SVETLANA KAGAN, YEVGENIYA ABRAMOVICH, also known as Jenya, also known as Zhenya, ASYA GALINDO, ANNA ZINGER, also known as Anna Zack, also known as Anya,

     *Defendants*.[*]

---

| | |
|---|---|
| For Appellee: | SHAWN G. CROWLEY, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant Luba Kramrish: | JOHN C. CONARD, Law Offices of John C. Conard, Woodbury, MN. |
| For Defendant-Appellant Semen Domnitser: | MARLON G. KIRTON, Marlon G. Kirton, P.C., New York, NY. |
| For Defendant-Appellant Oksana Romalis: | JONATHAN SVETKEY, Watters & Svetkey, LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Luba Kramrish, Semen Domnitser, and Oksana Romalis appeal their judgments of conviction and sentences entered by the United States District Court for the Southern District of New York (Griesa, *J.*), on September 10, 2013, November 4, 2013, and January 15, 2014, respectively. Following a jury trial, defendants were convicted of and

---

[*] The Clerk of the Court is directed to amend the caption.

sentenced for one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, and one substantive count of mail fraud in violation of 18 U.S.C. §§ 1341, 42. The district court sentenced Kramrish to, *inter alia*, 37 months' imprisonment; Domnitser to, *inter alia*, 96 months' imprisonment; and Romalis to, *inter alia*, 46 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

First, Kramrish challenges the district court's voir dire, contending that the district court failed to adequately inquire into anti-Jewish bias. Such a challenge is reviewed for "abuse of discretion." *United States v. Barton*, 647 F.2d 224, 230 (2d Cir. 1981) (citations omitted). Failure to sufficiently inquire into racial or ethnic bias is only "reversible error . . . where the circumstances of the case indicate that there is a reasonable possibility that racial or ethnic prejudice might have influenced the jury," such as "where the defendant and the victims are members of different racial or ethnic groups." *Rosales-Lopez v. United States*, 451 U.S. 182, 191–92 (1981). Here, the defendants and victims are not members of different ethnic groups, and there is no other indication that prejudice influenced the jury. Thus, the district court did not err in its voir dire.

Second, Kramrish challenges the sufficiency of the evidence with respect to her intent to defraud the Claims Conference. A defendant challenging the sufficiency of the evidence "bears a heavy burden," *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008), and this Court's review of such a claim is "exceedingly deferential," *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). This Court must "view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence," and "[t]he conviction must be upheld if *any* rational trier of fact could have found

3

the essential elements of the crime beyond a reasonable doubt." *Chavez*, 549 F.3d at 124

(internal quotation marks, alterations, and citations omitted) (emphasis in the original). Here,

viewing the evidence in the light most favorable to the government, the defendant has not

satisfied her heavy burden because a rational trier of fact could have interpreted a co-defendant's

testimony that Kramrish was told that certain recruited applicants were "not supposed to get

anything" and specifically "not supposed to get Article 2" as evidence that Kramrish helped such

applicants apply with fraudulent intent. Domnitser Appendix ("DA") 1227–28.

Third, Domnitser challenges the sufficiency of the evidence with respect to his guilt. But

again, viewing the evidence in the light most favorable to the government, Domnitser has failed

to satisfy his heavy burden that no rational trier of fact could have found him guilty. The

testimony at trial established that Domnitser approved fund applications depicting individuals

who were obviously too young to have been born in the years stated in their applications,

approved fund applications that had visible signs of alteration, and approved applications that

included original identification documents which appeared as if they had only recently been

created. Indeed, the testimony even established that Domnitser received money orders from

successful fraudulent applicants which bore serial numbers sequential to money orders received

and cashed by other members of the scheme. In light of this evidence, Domnitser's challenge to

the sufficiency of the evidence must fail.

Fourth, Romalis contends that the district court erred in permitting allegedly hearsay

testimony from a co-conspirator, Zlata Blavatnik. But a statement is not hearsay if, *inter alia*, it

is offered against a party and is the party's own statement, pursuant to the Federal Rules of

Evidence ("Fed. R. Evid.") 801(d)(2)(A), or is the statement of a co-conspirator made in

furtherance of the conspiracy, pursuant to Fed. R. Evid. 801(d)(2)(E). Blavatnik's challenged

4

testimony—regarding what a co-conspirator told Blavatnik regarding what Romalis stated—is not hearsay because Romalis's statement is a party's own statement offered against herself, the co-conspirator's statement is a statement made in furtherance of the conspiracy, and "[h]earsay within hearsay" is permitted where an exception applies to each level of the hearsay, pursuant to Fed. R. Evid. 805. Romalis also contends that Blavatnik's testimony is more prejudicial than probative under Fed. R. Evid. 403, but this court reviews challenges to a district court's Rule 403 determinations "highly deferential[ly]" and reverses "only for abuse of discretion, which we will identify only if the ruling was arbitrary and irrational." *United States v. Coppola*, 671 F.3d 220, 244 (2d Cir. 2012) (internal quotation marks omitted). Here, in light of the high probative value of Blavatnik's testimony, the district court did not abuse its discretion.

Fifth, Romalis contends that the district court improperly limited the cross-examination of a government witness, Rabbi Andrew Baker. We review the decision of a district court to restrict cross-examination for abuse of discretion. *See United States v. James*, 712 F.3d 79, 103 (2d Cir. 2013). Here, the district court properly restricted the defendant's cross-examination, which sought to elicit testimony from Baker on whether he had read any material explaining the effects of the Holocaust on second and third generation survivors, as such testimony was irrelevant to the trial.

Sixth, all three defendants challenge the procedural reasonableness of their sentences. Specifically, the defendants each challenge the district courts' calculation of loss amount. "Facts in support of a sentencing calculation need only be proven by a preponderance of the evidence, and the district court's findings will not be disturbed unless clearly erroneous." *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993). Domnitser argues that the district court committed procedural error in its determination of the loss amount, because Domnitser could only

5

reasonably foresee his illegal profits, and not the entire loss amount for the fraud. But first, the Guidelines dictate that "the gain that resulted from the offense" can be used "as an alternative measure of loss only if there is a loss but it reasonably cannot be determined." U.S Sentencing Guidelines Manual § 2B1.1, app. note 3(b). And second, Domnitser was responsible for approving all of the applications, and thus his actions were the but-for cause of the entire loss amount. Thus the district court's calculation of the loss amount was not clearly erroneous, and it committed no procedural error. Kramrish and Romalis both contend that the district court erred in basing its calculation of loss amount on the allegedly unreliable testimony of co-conspirators. But the district court is asked only to make a "reasonable estimate of the loss, given the available information," which may be based on estimates given by co-conspirators at trial. *United States v. Germosen*, 139 F.3d 120, 129 (2d Cir. 1998) (quoting U.S. Sentencing Guidelines Manual § 2F1.1, cmt. note 8). Thus the district court's calculation of loss amount with respect to Kramrish and Romalis was not clearly erroneous, and the court committed no procedural error.

Finally, all three defendants challenge the substantive reasonableness of their sentences. We review such challenges under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Defendants propound two arguments for why their sentences are not substantively reasonable: first, that they received higher sentences than non-appealing co-defendants who allegedly played more central roles in the fraudulent scheme, but who pled guilty, and in some instances cooperated with the Government; second, that the district court's application of 18 U.S.C. § 3553(a) factors did not adequately weigh various considerations, such as the defendants' good deeds in the community. As to the first contention, the disparity between the defendants and their non-appealing co-defendants are not substantively unreasonable where the defendants are not "similarly situated." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir.

6

2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Here, the non-appealing co-defendants accepted responsibility for their crimes, resulting in a three-level reduction in their applicable Guidelines range; in contrast, the appealing defendants did not accept responsibility and continue to proclaim their innocence. As to the second contention, the district court explicitly noted that it considered all the 18 U.S.C. § 3553(a) factors during each of the defendants' sentencing hearings, and "[t]he weight to be afforded any given argument made pursuant to one of the [18 U.S.C.] § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *Fernandez*, 443 F.3d at 32. In light of the seriousness of the defendants' crimes, the district court was not required to give greater weight than it did to the various mitigating circumstances defendants proffered. Thus, the defendants' substantive reasonableness challenges must fail.

We have considered all of the appellants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7